IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MILLARD E. PRICE,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             ) Civ. Action No. 16-831-GMS
                                     )
ROBERT COUPE, et al.,                )
                                     )
            Defendants.              )

### MEMORANDUM

The plaintiff, Millard E. Price, ("Price"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.)

## I.     BACKGROUND

Price was employed in booking and receiving at the VCC. On Friday, April 15, 2016, he discovered a cell phone in an institutional laundry cart. Price placed the telephone on a shelf next the laundry cart, completed his duties, and returned to his housing unit for the weekend. When Price arrived at work on Monday, April 18, 2016, he was told by two inmates that their boss, the defendant Ralph Bailey ("Bailey") was looking for a cell phone that he had lost from an inmate's property the previous Friday. Price saw Bailey and the defendant officer George Dunn ("Dunn") looking in the area where inmate property is secured. Price told the inmates that he had found the phone and could see that it was still on the shelf where he had left it. Price did not

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

want to give the phone to Bailey because the two of them "have bad history with each other." One of the inmates volunteered to give the phone to Officer Hollis ("Hollis") in the property room. The two inmates left with Bailey and returned to the property room.

Later, Price was approached by Bailey and Dunn. Bailey pulled the phone out of his pocket and told Price that he wanted to know the "whole story." Price explained that he had found the phone, placed it on the shelf, and gave it to Bailey's workers to turn in over to Hollis. When Bailey asked Price why he did not give the phone to him when he saw Bailey looking for it, Price relayed their history and the threats Bailey had made towards him.

Next, an officer advised Price that the defendant Steven Bilbrough ("Bilbrough") wanted Price secured in a holding cell. Price was questioned by Bilbrough and Lt. Drace ("Drace") about the phone, and he repeated his story. Bilbrough called Price a liar and gave him a disciplinary report authored by Bailey. Bailey accused Price of receiving stolen property, theft, and promoting prison contraband. Price alleges that Bailey fabricated the false disciplinary report and falsely accused him of charges he knew Price did not committed in retaliation for Price exercising his First Amendment rights in filing prior complaints and grievances against Bailey. Price alleges that he was arbitrarily placed in isolation, without a hearing, and upon the approval of the defendant shift commander John Doe ("Doe") as a result of the false charges and Bilbrough's failure to investigate in violation of his due process rights.

Bilbrough and Drace escorted Price to isolation. Price was strip searched and his disciplinary report and inmate rights to the disciplinary process were confiscated. Price objected to Bilbrough who told him that the only papers he was allowed "in the hole are legal papers," and alleges that this act intentionally deprived him of his procedural due process rights. He alleges

2

that he was not provided with the disciplinary papers until after the disciplinary hearing and completion of his sanction. Price alleges that isolation was particularly brutal and imposed atypical and significant hardships, including, but not limited to, a minimum of three strip searches per day even though he had not left the cell or had contact with anyone.

On April 19, 2016, the defendant Lt. Larry Savage ("Savage") arrived at Price's cell to conduct a disciplinary hearing. Savage attempted to persuade Price to waive his right to 24-hour advance notice, but Price refused. Price told Savage that he had not had a chance to read the disciplinary report before it was confiscated. Savage offered to read it to Price, but Price reiterated it was his right to retain a copy prior to the hearing. Savage told Price the issue was between Price and Bilbrough. Price advised Savage that he wanted to call two witnesses, Dunn and Bailey. The same day, Price was advised by counselor Michael McMahan ("McMahan") and Lt. Secord ("Secord") that he was being classified to SHU (*i.e.* Security Housing Unit), because Price was in possession and/or use of a cell phone. Price informed Secord that he had not been charged with possession or use of a cell phone and asked why he was being classified before adjudication of the disciplinary charges. Price alleges a violation of right to due process because the decision to reclassify him to SHU was made in advance of the disciplinary hearing. Price alleges the Warden David Pierce ("Pierce") approved the reclassification decision.

Savage conducted the disciplinary hearing on April 20, 2016. Bailey was the only witness present. Savage advised Price that Dunn was not present to testify and stated to Price that "things happened as reported by Sgt. Bailey."[2] (D.I. 3, ¶ 24.) Price objected to Dunn's

---

[2]Price alleges that Dunn either refused to testify and made a statement and co-signed to the veracity of Bailey's disciplinary report (or he did not) and that Dunn had a duty to testify and tell the truth rather than to cover it up.

3

absence and also objected that he had yet to be given written notice of the charges against him. Savage reiterated his position regarding the disciplinary report telling Price that he was not giving him a copy and that the issue was between Price and Bilbrough. Savage told Price to proceed or he would find him guilty. Price alleges that when Bailey testified that Hollis gave him the cell phone, Savage interrupted Price's questioning of Bailey, and then excused him. Savage found Price guilty of theft and promoting prison contraband and not guilty of possession of stolen property. Price objected to the finding of guilt, noting that Bailey had admitted the phone was given to him by Hollis and arguing that Bailey's report was fabricated. Savage sanctioned Price to 15 days in isolation and asked if he wished to appeal. Price alleges that Savage was not an impartial hearing officer. He claims ths is apparent from his decision, which is fraught with errors.

On April 20, 2016, Price appealed the guilty finding. The appeal was denied by the defendant Lt. Brian Reynolds ("Reynolds"). Price alleges that Reynolds based his decision upon false evidence resulting in a violation of his right to due process. Price was released from isolation of May 2, 2016, and transferred to the SHU. On May 3, 2016, Price began preparing his disciplinary appeal to Pierce and requested an investigation into Bailey's false report and the violation of his rights during the disciplinary hearing. Price wrote a second letter to Pierce on June 6, 2016, and again requested an investigation, but Pierce ignored the letter. Price wrote a third letter to Pierce on July 19, 2016, and asked Pierce to expunge the disciplinary sanction and restore Price to his former status. Price alleges that Pierce ignored the letter. On May 31, 2016, Price appealed to the defendant DOC Commissioner Robert Coupe ("Coupe") and requested an investigation. Price alleges that Coupe ignored the appeal and further alleges that Coupe is responsible for what takes place within the DOC.

4

Price submitted a grievance complaining that his constitutional rights had been violated, but the grievance was returned unprocessed as the grievance process does not apply to disciplinary matters. Price submitted numerous grievances subsequent to his transfer to SHU challenging its conditions. Price alleges that the defendants Katrina Burley ("Burley") and Terrell Taylor ("Taylor") repeatedly interfered and refused to process his grievances. Price also alleges that SHU was created for violent offenders, and that housing there constitutes arbitrary punishment that is harsh and atypical, and he enumerates the conditions he finds offensive. On August 12, 2016, Price was classified to SHU by counselor May ("May"). Price appealed to Pierce on September 1, 2016, but Pierce ignored the appeal. On September 12, 2016, Bailey came to Price's cell, smirked at him and said, "what's up."

Price alleges that: (1) Coupe, Pierce, Bailey, Bilbrough, Doe, Savage, Dunn, Reynolds, Taylor, and Burley violated his right to due process under the Fourteenth Amendment; (2) Bailey, Taylor, and Burley violated his right to free speech under the First Amendment; and (3) Coupe, Pierce, Bailey, Bilbrough, Doe, Savage, and Reynolds violated his rights under the Eighth Amendment that he not be subjected to arbitrary and cruel and unusual punishment. Price seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.    STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

5

respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Price proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Price leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A

6

plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed,

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at

346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the

sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions,

are not entitled to the assumption of truth; and (3) when there are well-pleaded factual

allegations, the court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir.

2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the

facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679

(quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.*

## III.   DISCUSSION

### A.   Due Process - Fourteenth Amendment

Price's due process claims against Coupe, Pierce, Bailey, Bilbrough, Doe, Savage, Dunn,

Reynolds, Taylor, and Burley stem from the disciplinary consequences of the allegedly retaliatory

and false disciplinary charge. Price alleges the due process violations commenced when Bailey

authored a false disciplinary report and Bilbrough did not investigate the matter. The filing of

false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was

granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x

168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Price's allegations indicate that he was provided a hearing. In addition, the failure to investigate claim fails as a matter of law. There was no mandatory duty upon Bilbrough to investigate the matter at hand. *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. 2007) (unpublished) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973)) (inmates failed to state a claim against state officials for failing to investigate or prosecute civil rights violations).

Price claims that Savage violated his due process rights by failing to remain impartial during the disciplinary hearing. Prisoners have a right to certain procedural protections when they face the loss of a legally cognizable liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974); *see also Barna v. Boyce*, 563 F. App'x 103, 105 (3d Cir. 2014) (unpublished). A punishment that does not directly increase the length of a prisoner's sentence only implicates a liberty interest if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" under the Fourteenth Amendment. *Id.* at 486.[3] *See Smith v. Mensinger*, 293 F.3d at 654 (holding that a sanction of seven months in disciplinary confinement does not violate a prisoner's liberty interest); *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (holding disciplinary detention for fifteen days and

---

[3] A state prisoner has no protected Fourteenth Amendment liberty interest to be free from strip or body cavity searches. *See Samford v. Staples*, 249 F. App'x 1001, 1004 (5th Cir. 2007) (unpublished) (citing *Sandin*, 515 U.S. at 484; *see also Brothers v. Lawrence Cnty. Prison Bd.*, 2008 WL 146828, at *11 (W.D. Pa. 2008) (inmate does not have a liberty or property interest in avoiding strip searches).

8

administrative segregation for 120 days did not implicate liberty interest); *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (holding administrative detention for fifteen months did not implicate liberty interest).

Here, Price was sanctioned to 15 days in isolation. His punishment does not qualify as an atypical and significant hardship implicating a protected liberty interest. In addition, because a liberty or property interest is not implicated, the procedural due process requisites under *Wolff* do not apply. *See Wolff*, 418 U.S. at 563-67 (holding where inmate may be deprived of protected liberty interest, he is entitled to: (1) advance written notice of disciplinary charges; (2) the opportunity, when consistent with prison safety and penological goals, to call witnesses and present evidence; and (3) a written statement by the factfinder of the evidence relied on and reasons for the disciplinary action). *See also Jones v. Davidson*, ___ F. App'x___, 2016 WL 6694902, at *2 (3d Cir. 2016) (unpublished).

In addition, to the extent that Price alleges violations of his right to due process when he was transferred to isolation and then to SHU, it is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (Constitution does not give rise to liberty interest in avoiding transfer to more adverse conditions of confinement); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise

9

violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)); *see also Sandin* , 515 U.S. at 480. Price can succeed under the Due Process Clause only if state law or regulation has created a constitutionally-protected liberty interest in remaining free from administrative detention. However, neither Delaware law nor Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* 11 Del. C. § 6529(e).

Price also complains that Reynolds, Coupe, and Pierce either denied his appeals or did not respond to his complaints or appeals regarding the disciplinary proceedings. To the extent that a plaintiff's allegations against a prison official only involve the prison official reviewing the plaintiff's grievances or appeals from disciplinary proceedings, "[s]uch involvement is insufficient as a matter of law to render those defendants liable," given that "the failure of a prison official to act favorably on an inmate's grievance [or misconduct] is not itself a constitutional violation." *Lewis v. Wetzel*, __ F. Supp. 3d ___, 2015 WL 9268432, at *12 (M.D. Pa. 2015) (collecting cases); *Mincy v. Chmielswski*, 508 F. App'x 99, 104 (3d Cir. 2013) (unpublished) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement.").

As discussed the allegations do not rise to the level of a due process violation. Therefore, the court will dismiss the due process claims against Coupe, Pierce, Bailey, Bilbrough, Doe, Savage, Dunn, Reynolds, Taylor, and Burley as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## B.    First Amendment

Price alleges that Bailey, Taylor, and Burley violated his right to free speech under the First Amendment. Price claims that Bailey retaliated against him and issued a false disciplinary report in retaliation for complaints and grievances he had filed against him. He claims that Taylor and Burley failed to consider his grievances.

With regard to Taylor and Burley, the filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Price bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate has no "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Price is free to bring a civil rights claim in District Court which he has done. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick v. Alba*, 932 F.2d at 729.

Price cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the court will dismiss the claims against Taylor and Burley as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Price has alleged what appears to be a cognizable and non-frivolous claim against Bailey. He will be allowed to proceed with the claim.

## C.    Eighth Amendment

Price alleges that Coupe, Pierce, Bailey, Bilbrough, Doe, Savage, and Reynolds violated his rights under the Eighth Amendment that he not be subjected to arbitrary and cruel and unusual punishment. Where conditions are not "cruel and unusual" but merely "restrictive and

even harsh," they do not violate the Eighth Amendment but rather "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Placing an inmate in restricted housing does not violate the Eighth Amendment "as long as the conditions of confinement are not foul, inhuman or totally without penological justification." *See Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992).

For the most part, Price's Eighth Amendment claims lack merit. However, Price makes one allegation that give the court pause. He alleges that while in isolation he was subjected to a minimum of three strip searches per day for the purpose of humiliation and degradation given that he left the cell only with an escort, had no contact with anyone, and had no property. (D.I. 3 at 17.) "A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate." *Parkell v. Danberg*, 833 F.3d 313, 336 (3d Cir. 2016) (citing *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015)).

Therefore, with the exception of the strip search claim while in isolation, the Eighth Amendment claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Price will be allowed to proceed against Pierce solely on the claim of multiple, daily strip searches while in isolation.

## IV.    CONCLUSION

For the above reasons, the court will: (1) allow Price to proceed against Bailey on the retaliation claim and against Pierce on multiple, daily strip search while housed in isolation claim; and (2) dismiss the remaining defendants Coupe, Bilbrough, Savage, Doe, Reynolds,

Burley, Taylor, and Dunn and the claims against them as legally frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) and § 1915A(b)(1).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2016
Wilmington, Delaware

13