IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLARD E. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-831-GMS |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.   BACKGROUND**

The plaintiff, Millard E. Price ("Price"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. On December 2, 2016, 6he court screened the complaint, allowed Price to proceed on claims against two defendants and dismissed as frivolous the claims against the defendants Robert Coupe ("Coupe"), Steven Bilbrough ("Bilbrough"), Larry Savage ("Savage"), John Doe ("Doe"), Brian Reynolds ("Reynolds"), Katrina Burley ("Burley"), Terrell Taylor ("Taylor"), and George Dunn ("Dunn"). (*See* D.I. 9, 10.) Price filed a motion to alter or amend partial judgment, construed by the court as a motion for reconsideration of that portion of the order dismissing Coupe, Bilbrough, Savage, Doe, Reynolds, Burley, Taylor, and Dunn. (D.I. 11, 12.) He also requests counsel. (D.I. 13, 14, 15.)

**II.   MOTION FOR RECONSIDERATION**

The standard for obtaining relief under Rule 59(e) is difficult for Price to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds:

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

In dismissing the claims against Coupe, Bilbrough, Savage, Doe, Reynolds, Bruley, Taylor, and Dunn, the court reviewed Price's allegations and the applicable law. The court has again reviewed Price's complaint and the instant motion and finds that he has failed to demonstrate any grounds to warrant reconsideration of the December 2, 2016 order. Therefore, the court will deny the motion for reconsideration. (D.I. 11.)

## III. REQUEST FOR COUNSEL

The plaintiff, who is incarcerated and was granted leave to proceed *in forma pauperis* seeks counsel on the grounds that he is unable to afford counsel, the issues are complex, he has limited law library access, he has unsuccessfully sought counsel, and he has limited knowledge of the law. (D.I. 13, 14, 15.)

2

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Price's request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew Price's request for counsel. (D.I. 13.) Should the need for counsel arise later, one can be appointed at that time.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

## IV. CONCLUSION

For the above reasons, the court will: (1) deny the motion for reconsideration (D.I. 11); and (2) deny without prejudice to renew the plaintiff's request for counsel (D.I. 13).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

___Jan 6___, 2017
Wilmington, Delaware